**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICIA BAUERLE,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES, et<br>al.,<br>   Defendants. | No. CIV 12-532-TUC-CKJ<br><br>**ORDER** |

Pending before the Court the Motion to Dismiss filed by federal government defendants ("Federal Defendants") (Doc. 49), the Motion to Dismiss filed by state government defendants ("State Defendants") (Doc. 51), the Motion to Dismiss filed by the University Medical Center ("UMC") (Doc. 52), the Motion to Dismiss filed by Sonora Behavioral Health Hospital ("SBH") (Doc. 53), the Motion to Dismiss filed by Community Partnership of Southern Arizona ("CPSA") (Doc. 57), the Motion for Jury Trial filed by Plaintiff Patricia Bauerle ("Bauerle") (Doc. 85), the Motion to Unseal Document filed by Bauerle (Doc. 86), and the Motion for Extension of Time filed by Bauerle (Doc. 88).

I. *Procedural Background*

On October 24, 2012, Bauerle filed an Amended Complaint in this action. Bauerle names the U.S. Department of Health and Human Services ("HHS"), the Arizona State Department of Health Services ("DHS"), the Community Partnership of Southern Arizona ("CPSA"), the University Physicians Hospital at Kino Campus (now known as University Medical Center – South Campus) ("UMC"), the Northwest Medical Center ("NMC"), the

Sonora Behavioral Health Hospital ("SBH"), the Carondelet Health Network ("CHN"), the Ninth Circuit Court of Appeals ("Defendant Ninth Circuit"), the Office of the U.S. Attorney General ("AG"), the Federal District Court ("Defendant District Court"), the Superior Court of Pima County ("Superior Court"), and the Office of Administrative Hearings ("OAH") as Defendants.

Bauerle alleges Defendants, in both their official and personal capacities, violated the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution pursuant to 18 U.S.C. § 1983 and violated the Americans with Disabilities Act ("ADA"). Bauerle also alleges the HHS, HDS, and CPSA have a custom, policy, and/or practice of violating the rights of Bauerle and others by involuntarily medicating Bauerle in emergency rooms and in behavioral health hospitals when no emergency exists, no court order is in place, and when Bauerle is not a danger to herself or others. Bauerle alleges this was done without first trying to implement less restrictive alternative procedures.

Specifically, Bauerle alleges SBH involuntarily injected Bauerle with medication on at least three different occasions in December 2011, enough though Bauerle was not a danger to herself or others, and no emergency or court order existed. Bauerle appears to allege hospital staff fraudulently wrote "DTS" or "DTO" in her records with no support. Bauerle also alleges NMC placed her in restraints and involuntarily injected her with medication on December 4, 2011, even though Bauerle did not present a danger to herself or others and no emergency existed. Bauerle also alleges UMC involuntarily injected Bauerle on July 17, 18, and 25, 2010, with medication even though she was not a danger to herself or others and no emergency or court order existed. Bauerle also alleges conduct of UMC that occurred in 2000. Bauerle also alleges conduct by Dr. Philander, University of Minnesota-Fairview Hospital,and a social worker but does not name them as Defendants.

Bauerle alleges CHN held her hostage for more than 60 days in violation of the least restrictive environment the ADA and the Fair Housing Act. Bauerle does not state when the conduct is alleged to have occurred.

- 2 -

Bauerle alleges the AG, and the federal court system (presumably, Bauerle is referring to Defendant Ninth Circuit and Defendant District Court) has a custom, policy, and/or practice of making egregious violations of substantive due process of Bauerle based on adverse judicial rulings.

Bauerle also alleges the Superior Court has a custom, policy, and/or practice of egregeiously violating the rights of pro se plaintiffs appealing for a judicial review of the OAH by requiring Bauerle to incur extraordinary expenses to serve defendants in a proceeding to review AOH. Bauerle also alleges the OAH denied Bauerle her right to subpoena numerous witnesses for hearing "when the plaintiff, who was proceeding pro se, included justifications, which the website for the [OAH] did not even require." Amended Complaint, Doc. 13, p. 7.

On October 22, 2013, Bauerle filed a Motion to Amend Complaint and attached a proposed Second Amended Complaint. On December 6, 2012, the magistrate judge assigned to this case at the time struck the Motion to Amend Complaint with leave to refile after the Ninth Circuit issued a ruling. *See* Doc. 33. A renewed Motion to Amend Complaint has not been refiled.

State Defendants have filed an Answer (Doc. 25), UMC has filed an Answer (Doc. 26), and NMC has filed an Answer (Doc. 27).

Federal Defendants have filed a Motion to Dismiss (Doc. 49, response at Doc. 55, reply at Doc. 67), State Defendants have filed a Motion to Dismiss (Doc. 51, response at 58, reply at Doc. 83), UMC has filed a Motion to Dismiss (Doc. 52), SBH has filed a Motion to Dismiss (Doc. 53, response at 61, 65, reply at 79) which has been joined by NMC (Docs. 54 and 87), and CPSA has filed a Motion to Dismiss (Doc. 57, response at Doc. 77).[1] Docs. 89 and 90.

---

[1] Alternatively, CPSA seeks a more definite statement pursuant to Fed.R.Civ.P. 12(e). Additionally, CPSA's citations to the Complaint in its motion appear to refer to proposed Second Amended Complaint that has not been "filed."

- 3 -

II. *Subject Matter Jurisdiction*

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112–13 (9th Cir. 1991), *cert. denied*, 503 U.S. 936 (1992). Under Fed.R.Civ.P. 12(h), this Court is required to dismiss an action " [i]f the court determines at any time that it lacks subject-matter jurisdiction[.]"

The United States, including its agencies and employees, can be sued only to the extent that it has expressly waived its sovereign immunity. Absent a waiver of sovereign immunity, federal courts have no subject matter jurisdiction in cases against the United States government. *United States v. Kitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Kaiser v. Blue Cross of Cal.*, 347 F3d 1107, 1115 (9th Cir. 2003). Some common waivers of sovereign immunity are found in the Federal Tort Claims Act ("FTCA"), 28 USC § 2674 (waives sovereign immunity for certain tort claims), the Administrative Procedures Act, 5 USC § 702 (waives sovereign immunity for nonmonetary claims based on agency action), the Equal Access to Justice Act, 28 USC § 2412 (waives sovereign immunity for costs and fees), the Bankruptcy Act, 11 USC § 106(a) (waives sovereign immunity in bankruptcy proceedings), and for actions against federal officials in their individual capacity for violation of an individual's constitutional rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

III. *Short and Plain Statement Pleader is Entitled to Relief*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. While Rule 8 does not demand

- 4 -

1 detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-
2 harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare
3 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
4 suffice." *Id.* Moreover, the United States Supreme Court has found that a plaintiff must
5 allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic*
6 *Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a
7 complaint need not plead "detailed factual allegations," the factual allegations it does include
8 "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65; *see*
9 *also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative
10 explanations, one advanced by defendant and the other advanced by plaintiff, both of which
11 are plausible, plaintiff's complaint survives a motion to dismiss[.]"). The Court also
12 considers that the Supreme Court has cited *Twombly* for the traditional proposition that
13 "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement
14 need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which
15 it rests." *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007).
16 Indeed, *Twombly* requires "a flexible 'plausibility standard,' which obliges a pleader to
17 amplify a claim with some factual allegations in those contexts where such amplification is
18 needed to render the claim *plausible.*" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007);
19 *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive
20 a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from
21 that content, must be plausibly suggestive of a claim entitling the plaintiff to relief).

22 This Court must take as true all allegations of material fact and construe them in the
23 light most favorable to the non-moving party. *See Cervantes v. United States*, 330 F.3d
24 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader.
25 *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled*
26 *on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable
27 inferences or conclusory legal allegations cast in the form of factual allegations. *Western*
28

*Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint. *See e.g., Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers.).

IV. *Possible Dismissal*

Where a court determines dismissal is appropriate, the court must also determine if dismissal with leave to amend is warranted. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). When dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

V. *Federal Defendants' Motion to Dismiss* (Doc. 49)

Bauerle alleges Federal Defendants, along with all Defendants, violated her constitutional rights and violated the ADA. Bauerle also alleges the HHS has a custom, policy, and/or practice of violating the rights of Bauerle and others by involuntarily medicating Bauerle in emergency rooms and in behavioral health hospitals when no emergency exists, no court order is in place, and when Bauerle is not a danger to herself or others. Lastly, Bauerle alleges the AG and the federal court system has a custom, policy, and/or practice of making egregious violations of substantive due process of Bauerle based on adverse judicial rulings.

Federal Defendants assert this Court does not have subject matter jurisdiction over the claims against Federal Defendants. In making her allegations, Bauerle has not named any individual Defendant. While Bauerle's claims may appear to be viable under *Bivens* as she

- 6 -

1 argues, *Bivens* does not authorize a suit against the United States or its agencies for 2 injunctive or monetary relief or on the basis of respondeat superior liability. *Terrell v.* 3 *Brewer*, 935 F.2d 1015, 1018 (9th Cir1991); *Thomas Lazear v. F.B.I.*, 851 F.2d 1202, 1207 4 (9th Cir1988). In other words, because Bauerle has not specifically named any federal 5 Defendant, there is no subject matter jurisdiction over Bauerle's claims of constitutional 6 violations against Federal Defendants. The Court will dismiss the constitutional claims 7 against Federal Defendants.

8 Federal Defendants also assert Bauerle has failed to state a claim upon which relief 9 can be granted. As to Bauerle's claim that Federal Defendants violated the ADA, Bauerle 10 does not specify what provision of the ADA she asserts has been violated. The ADA 11 contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations 12 and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and 13 Miscellaneous Provisions (Title V). 42 U.S.C. §§ 12111 et. seq. Given the facts alleged by 14 Bauerle, it appears Bauerle may be attempting to state a claim under either Title II or Title 15 III of the ADA.

16 However, under Title II, the federal government is not included within the definition 17 of a public entity. 42 U.S.C. § 12131(1) (defining a "public entity" as any state or local 18 government, instrumentality thereof, or the National Railroad Passenger Corporation); *see* 19 *Cellular Phone Taskforce, et al. v. FCC*, 217 F.3d 72, 73 (2d Cir.2000) (holding that FCC 20 cannot be liable under Title II of ADA because Title II does not apply to the federal 21 government.). Furthermore, Title III of the ADA does not apply to public entities. *See* 22 *Bloom v. Bexar County*, 130 F.3d 722, 726 (5th Cir. 1997) ("ADA Title III expressly does 23 not apply to public entities, including local governments."); *DeBord v. Bd. of Educ.*, 126 24 F.3d 1102, 1106 (8th Cir. 1997) ("Title III of the ADA applies to private entities providing 25 public accommodations, ... not to public entities.) (internal citations omitted). The Court 26 finds, therefore, Bauerle has failed to state a claim under the ADA against Federal 27 Defendants. The Court will dismiss these claims.

28

- 7 -

Additionally, to any extent Bauerle is attempting to state a claim against Defendant Ninth Circuit and Defendant District Court based on adverse rulings, "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986). This is to assure that judges may exercise their functions with independence and without fear of consequences. *See Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); *Randall v. Brigham*, 74 U.S. 523 (1868). However, a "judge lacks immunity where he acts in the 'clear absence of all jurisdiction' or performs an act that is not 'judicial' in nature. *Ashelman*, 793 F.2d at 1075, *citations omitted*. The Ninth Circuit has stated:

> The Supreme Court has illustrated the distinction between an act in the clear absence of jurisdiction and an act in excess of jurisdiction with this example:
>> if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other had, if a judge of the criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987), *quoting Stump v. Sparkman*, 435 U.S. 349, 357 n. 7, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978).

Nonetheless, Bauerle argues these claims can proceed because she is seeking injunctive relief. In *Pulliam v. Allen*, 466 U.S. 522 (1984), the Supreme Court held that judicial immunity does not bar prospective injunctive relief against a state judicial officer acting in his official capacity. *Id.* at 541–42. However, Congress amended 42 U.S.C. § 1983, which now prohibits injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. 1983. Further, the Ninth Circuit considered the impact of *Pulliam* on the applicability of judicial immunity to declaratory and injunctive relief claims against federal judges. *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987). The Ninth Circuit concluded that there was "no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against federal judicial officers." 828 F.2d at 1394.

- 8 -

As in *Mullis*, an option to appeal any allegedly wrongful decisions was available to Bauerle. *See id.* Allowing declaratory or injunctive relief in this action would only "engender unnecessary confusion and a multiplicity of litigation." *Id.* Further, Bauerle has not alleged that a declaratory decree was violated or that declaratory relief was unavailable to her. To any extent Bauerle is attempting to state a claim based on an adverse ruling, the Court will dismiss such claims against Defendant Ninth Circuit and Defendant District Court. Further, the AG, by nature of his position, could not issue an adverse judicial ruling – the Court finds Baurle has failed to state a claim upon which relief could be granted against the AG.

The Court finds it is absolutely clear the deficiencies of Bauerle's allegations against Federal Defendants in the Amended Complaint cannot be cured by amendment. The Court will grant Federal Defendants' Motion to Dismiss.

VI. *State Defendants' Motion to Dismiss* (Doc. 51)

Bauerle alleges State Defendants, along with the other Defendants, violated her constitutional rights and violated the ADA. Bauerle also alleges the HDS has a custom, policy, and/or practice of violating the rights of Bauerle and others by involuntarily medicating Bauerle in emergency rooms and in behavioral health hospitals when no emergency exists, no court order is in place, and when Bauerle is not a danger to herself or others. Bauerle also alleges the Superior Court has a custom, policy, and/or practice of egregeiously violating the rights of pro se plaintiffs appealing for a judicial review of the OAH by requiring Bauerle to incur extraordinary expenses to serve defendants in a proceeding to review AOH. Bauerle also alleges the OAH denied Bauerle her right to subpoena witnesses.

As to Bauerle's claim of constitutional violations based on 42 U.S.C. § 1983, state agencies are entitled to immunity from suit under the Eleventh Amendment. *Krainski v. Nevada ex rel. Bd. of Regents of Nevada*, 616 F.3d 963 (9th Cir. 2010). Furthermore, the

- 9 -

Supreme Court "has expressly declined to extend [the *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 690 n. 55 (1978)] theory of municipal liability under § 1983 to state entities. *Id*. at 968, *citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989) (clarifying that suits against state officials in their official capacity are no different from suits against the state itself).

As previously discussed, Bauerle does not clarify on what basis she seeks to assert an ADA claim. Because Title II of the ADA addresses Public Services, the Court accepts Bauerle may be seeking to state a Title II ADA claim. The Ninth Circuit has stated:

In order to state a claim under Title II of the ADA, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007). Bauerle has not alleged facts that state a claim upon which relief can be granted against State Defendants. However, the facts alleged and information contained in other pleadings indicate Bauerle may be able to state an ADA claim against DHS.

Furthermore, as to Bauerle's claims against the Superior Court and the AOH, Bauerle's claims are judicial in nature. The Court finds such claims are barred by immunity as previously discussed as to Federal Defendants. The Court will dismiss these claims.

The Court will grant in part and deny in part the State's Motion to Dismiss.

VII. *Motions to Dismiss by UMC, SBH, NMC, and CPSA* (Docs. 52, 53, 54, 57, and 87)

Bauerle alleges UMC, SBH, and CPSA, along with other Defendants, violated her constitutional rights and violated the ADA. Bauerle also alleges CPSA has a custom, policy, and/or practice of violating the rights of Bauerle and others by involuntarily medicating Bauerle in emergency rooms and in behavioral health hospitals when no emergency exists,

1   no court order is in place, and when Bauerle is not a danger to herself or others. Bauerle
2   alleges SBH involuntarily injected Bauerle with medication on at least three different
3   occasions in December 2011, even though Bauerle was not a danger to herself or others, and
4   no emergency or court order existed. Bauerle appears to allege hospital staff fraudulently
5   wrote "DTS" or "DTO" in her records with no factual support. Bauerle also alleges NMC
6   placed her in restraints and involuntarily injected her with medication on December 4, 2011,
7   even though Bauerle did not present a danger to herself or others and no emergency existed.
8   Bauerle also alleges UMC involuntarily injected Bauerle on July 17, 18, and 25, 2010, with
9   medication even though she was not a danger to herself or others and no emergency or court
10  order existed. Bauerle alleges CHN held her hostage for more than 60 days in violation of
11  the least restrictive environment the ADA and the Fair Housing Act.

12  As to Bauerle's claims that these Defendants violated her constitutional rights,
13  Bauerle's allegations do not establish Defendants performed functions that are traditionally
14  and exclusively governmental. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950 (9th
15  Cir. 2008); *Lee v. Katz*, 276 FF.3d 550 (9th Cir. 2002) (private individual or group may be
16  state actor when they perform function that is traditionally and exclusively governmental);
17  *Johnson v. Grays Harbor Community Hospital*, 385 Fed.Appx. 647 (9th Cir. 2010) (non-
18  profit status of hospital did not make it a state actor for purposes of § 1983). The Court finds
19  Bauerle has failed to adequately alleged these Defendants are state actors and has failed to
20  state a claim for constitutional violations under 42 U.S.C. § 1983 upon which relief can be
21  granted.

22  However, to permit Bauerle to make an intelligent decision whether to file an
23  amended complaint, the Court advised Bauerle that the facts as presented in the Amended
24  Complaint and other documents indicate that tort principles, rather than constitutional
25  violations, may provide Bauerle an opportunity to allege a claim a upon which relief can be
26  granted. *See e.g. Mills v. Rogers*, 457 U.S. 291, 295 n. 4 (1982) ("Under the common law
27  of torts, the right to refuse any medical treatment emerged from the doctrines of trespass and

28  - 11 -

battery, which were applied to unauthorized touchings by a physician."); *Duncan v. Scottsdale Medical Imaging, Ltd.*, 205 Ariz. 306, 311, 70 P.3d 435 , 440 (2003) ("We hold that when a patient gives limited or conditional consent, a health care provider has committed a battery if the evidence shows the provider acted with willful disregard of the consent given."); *Rice v. Brakel*, 233 Ariz. 140, 310 P.3d 16 (App. 2013) ("The elements of common law battery consist of an intentional act by one person that 'results in harmful or offensive contact with the person of another.... [A] health care provider commits a common law battery on a patient if a medical procedure is performed without the patient's consent.'"), *citations omitted*. When dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

As to Bauerle's ADA claims against these Defendants, the Court accepts Bauerle is seeking to state a claim under Title III of the ADA, as that title addresses public accommodations and services operated by private entities. To state such a claim, a plaintiff must allege (1) she is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 683 n. 38 (2001); *see also Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) ("To  prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."). Bauerle has not alleged facts that state claims upon which relief can be granted against these non-governmental Defendants. However, the facts

1  alleged and information contained in other pleadings indicate Bauerle may be able to state
2  an ADA claim against these Defendants.
3      The Court will grant in part and deny in part these Motions.
4
5  VIII. *Motion for Jury Trial*
6      A party may demand a jury trial on "any issue triable of right by a jury" by:
7  (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served;
8  and
9  (2) filing the demand in accordance with Rule 5(d).
10 Fed.R.Civ.P. 38(b). Generally, the "last pleading directed to the issue" is the defendant's
11 answer. However, "[w]here several defendants are jointly liable on a claim that involves
12 jury-triable issues, a jury demand is timely if served within 14 days of the last defendant's
13 answer." William W. Schwarzer, *et. al.*, Federal Civil Procedure Before Trial, ¶¶ 8:802 (The
14 Rutter Group 2013), *citing Frost v. Agnos*, 152 F.3d 1124, 1131 (9th Cir. 1998). Until
15     The Court has determined Federal Defendants' Motion to Dismiss is well-taken;
16 therefore, Federal Defendants will not be required to file an Answer. Therefore Baurle's
17 request for a jury is untimely. This Court, in its discretion, may "order a jury trial on any
18 issue for which a jury might have been demanded." Fed.R.Civ.P. 39(b). The Ninth Circuit
19 has stated the "discretion is narrow, however, and does not permit a court to grant relief when
20 the failure to make a timely demand results from an oversight or inadvertence." *Pacific*
21 *Fisheries Corp. v. HIH*, 239 F.3d 1000, 1002 (9th Cir. 2001). As Bauerle has not shown
22 some cause other than inadvertence, denial of the untimely request is appropriate. *Id*.
23     However, "[i]f a party has filed a timely jury demand, other parties may rely on that
24 demand "for the issues it covers, and need not file their own demands." *California Scents*
25 *v. Surco Products, Inc.*, 406 F3d 1102, 1106 (9th Cir. 2005), *internal quotes omitted*. In
26 other words, as Northwest Medical Center and the Arizona Department of Health Services
27 have made jury demands, *see* Docs. 25 and 28, Bauerle may rely on those demands if claims
28

- 13 -

against any of those parties proceed to trial regardless of whether she timely filed a request for a jury.

Although the Court acknowledges that Bauerle has the right to rely on other parties' jury demands, it is not based on the reasons set forth in Bauerle's motion. The Court, therefore, will deny the motion.

IX. *Motion to Unseal Document*

On August 22, 2013, this Court issued an Order discussing documents submitted by Bauerle describing medical treatment. The Court stated:

> In requesting these extensions, Baurle has presented reasons as set forth in affidavits describing medical treatment. The Court finds it is appropriate to order those documents filed under seal. However, the Court advises Plaintiff that if she seeks to have any such future documents filed under seal, she shall request such documents be filed under seal and lodge the proposed documents. See LRCiv. 5.6.

Doc. 80, pp. 1-2.

Bauerle requests those sealed documents be unsealed because "[w]hen the plaintiff was denied the right to proceed anonymously, there no long became a need for affidvaits to be sealed." Doc. 86, p. 1. The Court will grant the request.

X. *Motion to Extend Time, Retroactively, for Addendum to Affidavit for Amended Response*

Although Bauerle states in her motion that she needs additional time to file her "response to the state of Arizona's motion to dismiss from the hospitals[,]" Doc. 88, p. 1, the heading of the motion refers to an affidavit addendum and Bauerle has lodged an affidavit addendum. *See* Doc. 89. The Court accepts this motion as a request to file the affidavit addendum. The Court finds Bauerle has set forth good cause for the extension and will grant the requested extension.

Accordingly, IT IS ORDERED

1. Federal Defendants' Motion to Dismiss (Doc. 49) is GRANTED. The Federal Defendants are DISMISSED WITH PREJUDICE FROM THIS ACTION.

- 14 -

2. State Defendants' Motion to Dismiss (Doc. 51) is GRANTED IN PART AND DENIED IN PART. State Defendants Superior Court of Pima County and the Office of Administrative Hearings are DISMISSED WITH PREJUDICE FROM THIS ACTION. Bauerle's § 1983 claims against the Arizona State Department of Health are DISMISSED WITH PREJUDICE. Bauerle's ADA claim against the Arizona State Department of Health Services is DISMISSED WITH LEAVE TO AMEND.

3. UMC's Motion to Dismiss (Doc. 52), SBH's Motion to Dismiss (Doc. 53), and CPSA's Motion to Dismiss (Doc. 57) are GRANTED IN PART AND DENIED IN PART. Bauerle's § 1983 claims against the Community Partnership of Southern Arizona, the University Physicians Hospital at Kino Campus (now known as University Medical Center – South Campus), The Northwest Medical Center, the Sonora Behavioral Health Hospital, and the Carondelet Health Network are DISMISSED WITH PREJUDICE. Bauerle's ADA claims against these Defendants are DISMISSED WITH LEAVE TO AMEND.

4. Bauerle's Motion for Jury Trial (Doc. 85) is DENIED.

5. Bauerle's Motion to Unseal Document (Doc. 86) is GRANTED. Docs. 56, 60, 63, 64, 66, 74, and 75 SHALL NOT BE FILED UNDER SEAL.

6. Bauerle's Motion to Extend Time (Doc. 88) is GRANTED. The Clerk of Court shall docket the lodged affidavit addendum (Doc. 89).

7. Bauerle shall file any Second Amended Complaint within 30 days of the date of this Order. Any Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior complaints or subsequent pleadings by reference. All causes of action alleged in the original or amended complaints which are not alleged in any Second Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Any Second Amended Complaint submitted by Bauerle shall be clearly designated as a Second Amended Complaint on the face of the document. Any Second Amended Complaint shall comply with the requirements

of Fed.R.Civ.P. 8(a), 10(a), and 11(a).

8. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Bauerle, if Bauerle fails to file a Second Amended Complaint within thirty (30) days of the filing date of this Order. *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

9. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Bauerle.**

10. At all times during the pendency of this action, Bauerle shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Bauerle shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 17th day of December, 2013.

_____
Cindy K. Jorgenson
United States District Judge

- 16 -