1    **WO**

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                       FOR THE DISTRICT OF ARIZONA

9    PATRICIA BAUERLE,                    )
                                          )
10           Plaintiff,                   )
                                          )        No. CIV 12-532-TUC-CKJ
11   vs.                                  )
                                          )              **ORDER**
12   UNITED STATES DEPARTMENT OF          )
     HEALTH AND HUMAN SERVICES, et        )
13   al.,                                 )
             Defendants.                  )
14   _____)

15          Pending before the Court are the Motion to Dismiss for Failure to State a Claim (Doc.

16   98) filed by Northwest Hospital ("NH"), the Motion to Dismiss (Doc. 99) filed by University

17   Medical Center ("UMC"), the Motion for Joinder (Doc. 100) filed by UMC, the Motion to

18   Dismiss Case (Doc. 101) filed by Sonora Behavioral Health Hospital ("SBHH"), the Motion

19   to Dismiss Case (Doc. 102) filed by Corondelet Health Network ("CHN"), the Motion to

20   Dismiss for Failure to State a Claim (Doc. 117) filed by Community Partnership of Southern

21   Arizona ("CPSA"), and the Motion to Dismiss for Failure to State a Claim (Doc. 123) filed

22   by the State of Arizona ("the State"), the Arizona Department of Health Services ("ADHS"),

23   the Office of Administrative Hearings ("AOAH"), and the Pima County Superior Court

24   ("Superior Court") (collectively, "State Defendants").  Also pending before the Court are the

25   Motions for Extension of Time (Docs. 114 and 119) filed by Plaintiff Patricia Bauerle

26   ("Bauerle").  Oral argument has been requested.  Bauerle objects to the Court setting this

27   matter for oral argument.  The Court declines to set this matter for oral argument.

28

1   I. *Procedural Background*

2           On July 16, 2012, Bauerle filed a Complaint alleging civil rights claims. While issues

3   were pending before the Ninth Circuit Court of Appeals, this matter was reassigned to this

4   Court.

5           On October 24, 2012, Bauerle filed an Amended Complaint in this action. Following

6   the issuance of a mandate by the appellate court on June 19, 2013, Defendants filed motions

7   to dismiss. On December 18, 2013, this Court dismissed with prejudice the Federal

8   Defendants from this action, dismissed with prejudice the State Defendants Superior Court,

9   and AOAH from this action, dismissed with prejudice the § 1983 claims against the ADHS,

10  dismissed with leave to amend the ADA claims against State Defendant ADHS, dismissed

11  with prejudice the § 1983 claims against CPSA, UMC, NH, SBHH, and CHN, and dismissed

12  with leave to amend the ADA claims against CPSA, UMC, NH, SBHH, and CHN.

13          On January 16, 2014, Bauerle filed an Objection to parts of the Court's December 18,

14  2013, Order (Doc. 93) and filed a Second Amended Complaint ("SAC") (Doc. 94). Bauerle

15  alleges claims against the U.S. Department of Health and Human Services ("USHHS"), the

16  ADHS, the CPSA, the University Physicians Hospital at Kino Campus (now known as UMC-

17  South Campus), NH, SBHH, CHN, the Ninth Circuit Court of Appeals ("Ninth Circuit"), the

18  Office of the U.S. Attorney General ("USAG"), the Federal District Court, the Superior

19  Court, the AOAH, CODAC Behavioral Services ("CODAC"), and Federal District Judge

20  Cynthia K. Jorgenson.

21          Defendants have filed motions to dismiss.

22

23  II. *Naming of Federal District Judge Cynthia K. Jorgenson as a Defendant*

24          The Court accepts this as Bauerle naming this Court, the Hon. Cindy K. Jorgenson,

25  as a Defendant. Bauerle alleges the Federal District Court under Judge Jorgenson acted

26  egregiously in 04CV00479-CKJ by giving Bauerle limited time to respond to the Court's

27  consideration of the Rooker-Feldman Doctrine, ruled against Bauerle even though the

28                                                  - 2 -

1 appellate court agreed the doctrine did not apply, required an unnecessary hearing, and
2 contacted and waited for opposing counsel to appear at the hearing. Bauerle further alleges
3 that, in this case, the Court ordered Bauerle to neither include nor refer to any previous
4 averments in any SAC.

5     Because Bauerle has named this Court as a defendant, the Court finds it appropriate
6 to consider whether recusal is appropriate.[1]   Recusal is appropriate under the circumstances
7 set forth in 28 U.S.C. 455; *see also*   28 U.S.C. § 144.  28 U.S.C. § 455 requires that a judge
8 recuse herself in any proceeding in which her impartiality might reasonably be questioned.
9 A recusal is appropriate where a reasonable person with knowledge of all the facts would
10 conclude that a judge's impartiality might reasonable be questioned.  *Yagman v. Republic*
11 *Ins.*, 987 F.2d 622 (9th Cir. 1993); *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th
12 Cir.1997) (the standard for disqualification is the same under both 28 U.S.C. §§ 144 and
13 455).  Moreover, just as the Court has a duty to recuse itself when appropriate, the Court has
14 a duty not to recuse itself if it is not appropriate.  *United States v. Burger*, 964 F.2d 1065
15 (10th Cir. 1992); *see also United States v. Sierra Pacific Ind.*, 759 F.Supp.2d 1198 (E.D.Cal.
16 2010).

17     Additionally, the source of any alleged bias must be extrajudicial.  *Liteky v. United*
18 *States*, 510 U.S. 540, 544–56 (1994).  Judicial bias or prejudice formed during current or
19 prior proceedings is an insufficient basis for recusal unless the judge's actions "display a
20 deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 541.
21 Judicial rulings will support a motion for recusal only "in the rarest of circumstances."  *Id*.
22 at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir.1994); *see also, United States*
23 *v. Studley*, 783 F.2d 934 (9th Cir. 1985) (a judge's prior adverse ruling is not sufficient cause

24 _____

25     [1]28 U.S.C. § 455 is a self-enforcing statute. *United States v. Sibla*, 624 F.2d 864,
26 867–68 (9th Cir. 1980).  Section 455 contains no procedural requirement and is directed at
   the judge, not the parties.  *Id*. at 867.  Thus, under section 455, the decision regarding
27 whether recusal is warranted rests with the presiding judge.  *See id*. at 868.

28

1    for recusal).

2         Here, it appears this Court's rulings are the basis for being named as a defendant.  The

3    Court finds there is no judicial bias or prejudice that displays a deep-seated favoritism or

4    antagonism that would make fair judgment impossible, let alone any judicial bias or

5    prejudice.  Recusal is not appropriate.  *Studley.*

6         As to any claims against this Court, "[j]udges are immune from damage actions for

7    judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072

8    (9th Cir. 1986); *see also Franceschi v. Schwartz*, 57 F.3d 828, 830–31 (9th Cir.1995) (in §

9    1983 case, noting that there is judicial immunity from damages for judicial acts, i.e.,

10   functions normally performed by a judge).  This is to assure that judges may exercise their

11   functions with independence and without fear of consequences.  *See Bradley v. Fisher*, 80

12   U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872); *Randall v. Brigham*, 74 U.S. 523 (1868).

13   However, a "judge lacks immunity where he acts in the 'clear absence of all jurisdiction' or

14   performs an act that is not 'judicial' in nature. *Ashelman*, 793 F.2d at 1075, *citations omitted*.

15   Judicial immunity attaches even if the judge is accused of acting maliciously and corruptly,

16   *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure,

17   *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

18        In determining whether a judge acted within his jurisdiction, "courts focus on whether

19   the judge was acting clearly beyond the scope of subject matter jurisdiction in contrast to

20   personal jurisdiction." *Id.* at 1076.  "Where not clearly lacking subject matter jurisdiction,

21   a judge is entitled to immunity even if there was no personal jurisdiction over the

22   complaining party." *Id.*  This Court was acting with the scope of subject matter jurisdiction

23   and performing acts that are judicial in nature.  The Court finds Bauerle's claims against

24   undersigned are precluded by judicial immunity.  The claims against this Court will be

25   dismissed from this action.

26

27

28                                              - 4 -

III. *Bauerle's Motions for Extensions of Time* (Docs. 114 and 119)

Bauerle requests additional time to file responses. Bauerle has submitted her responses. The Court will grant the requests and considers Bauerle's responses herein.

IV. *Short and Plain Statement Pleader is Entitled to Relief*

In its December 18, 2013, Order, the Court advised Bauerle of the requirements of a complaint, including that it is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed.R.Civ.P. 8(a), and that conclusory statements do not adequately state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Bauerle was advised that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (factual allegations must raise a right to relief above the speculative level); *see also Noatak v. Hoffman*, 896 F.2d 1157, 1166 (9th Cir.1990) (Kozinski, J. dissenting) (majority opinion *rev'd* 501 U.S. 775 (1991)) ("To state a federal claim, it is not enough to invoke a constitutional provision or to come up with a catalogue of federal statutes allegedly implicated. Rather, as the Supreme Court has repeatedly admonished, it is necessary to state a claim that is substantial."); *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief).

The Court also advised Bauerle that the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint. *See e.g., Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers.).

- 5 -

1   V. *Motion to Dismiss for Failure to State a Claim filed by NH* (Doc. 98)[2]

2        NH requests the SAC be dismissed for failure to state a claim for which relief can be

3   granted.  Additionally, NH requests, if the Court permits Bauerle to file a Third Amended

4   Complaint, this motion be treated as a Motion for More Definite Statement.

5        NH asserts the only claim that Bauerle appears to be making against Northwest is a

6   §1983 claim.  As the Court ordered Bauerle's § 1983 claims dismissed with prejudice, NH

7   asserts the doctrine of *res judicata*, or claim preclusion, bars Bauerle from pursuing this

8   claim against NH.  In its December 18, 2013, Order, the Court determined that Bauerle's

9   claims that NH (and other Defendants) violated her constitutional rights did not allege NH

10  performed functions that are traditionally and exclusively governmental. *Villegas v. Gilroy*

11  *Garlic Festival Ass'n*, 541 F.3d 950 (9th Cir. 2008); *Lee v. Katz*, 276 FF.3d 550 (9th Cir.

12  2002) (private individual or group may be state actor when they perform function that is

13  traditionally and exclusively governmental); *Johnson v. Grays Harbor Community Hospital*,

14  385 Fed.Appx. 647 (9th Cir. 2010) (non-profit status of hospital did not make it a state actor

15  for purposes of § 1983).

16       "Res judicata applies where there is (1) an identity of claims, (2) a final judgment on

17  the merits, and (3) identity or privity between parties." *Tritz v. U.S. Postal Service*, 721 F.3d

18  1133, 1143 (9th Cir. 2013).  NH relies on *In re Marino*, 181 F.3d 1142 (9th Cir. 1999), for

19  the assertion that a dismissal with prejudice has the same effect as a final judgment.  The

20  Ninth Circuit has stated that a *res judicata* effect may occur in such circumstances if the

21  result is not unfair.  *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590,593 (9th

22  Cir. 1985).  Here, Baurele's argument to dispute the Court's ruling is simply stating the

23  standard for a state actor in a different way.  The Court finds, therefore, it is not unfair to

24  provide a *res judicata* effect to the dismissal with prejudice of the claims.

25

26         [2]The Court accepts the joinders filed by CHN and UMC and will grant the Motion for

27  Joinder filed by UMC.  The Court accepts this motion as also filed on behalf of UMC and CHN.

28

1    However, the Court will also address Bauerle's argument.  Bauerle asserts a private

2  actor can be considered as having acted under the color of law for suit under § 1983 if that

3  private actor has invoked state action or state law.  *Lugar v. Edmondson*, 457 U.S. 922

4  (1982).  However, the *Lugar* Court also stated that, "[i]f the challenged conduct . . .

5  constitutes state action as delimited by our prior decisions, then that conduct was also action

6  under color of state law and will support a suit under § 1983."  457 U.S. at 935.

7  Additionally, the Supreme Court has stated:

8        To constitute state action, "the deprivation must be caused by the exercise of some
         right or privilege created by the State ... or by a person for whom the State is
9        responsible," and "the party charged with the deprivation must be a person who may
         fairly be said to be a state actor." [*Lugar*, 457 U.S. at 937].

10 *West v. Atkins*, 487 U.S. 42, 49 (1988).  The Court also considers that "private hospitals do

11 not act under color of state law for purposes of the Civil Rights Act of 1871 (Section 1983),

12 and are subject to the provisions of the Act only if their activities are significantly affected

13 with state involvement, or only if the state is significantly involved with a specific hospital

14 activity that is the subject of the plaintiff's complaint."  14A C.J.S. Civil Rights §399 (June

15 2014), *footnotes omitted.*

16    Here, Bauerle has not alleged any basis for this Court to conclude that either NH,

17 CHN or UMC are fairly said to be state actors.  *Compare*, *Abney v. University Medical*

18 *Center of of Southern Nevada*, No. 2:09-cv-02418-RLH-PAL, 2010 WL 1439106 (D.Nev.

19 April 8, 2010) (UMC was county hospital pursuant to state statute); *Taylor v. University*

20 *Medical Center, Inc.*,  No. Civ.A. 3:03CV-502-H, 2005 WL 1026190 (W.D.Ky. April 26,

21 2005) (where plaintiff alleged UMC was a private corporation that received governmental

22 funds, insufficient allegations that UMC was a state actor).  Indeed, a review of the website

23 of the Arizona Corporation Commission[3] indicates NH is incorporated in Delaware,

24

25        [3]A court may take judicial notice of documents available on government websites.
26 *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir.2002)
   (taking judicial notice of information from FDIC's official website); *Molina v. Wash. Mut. Bank*,
27 No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *3-4 (S.D.Cal. Jan.29, 2010) (taking judicial

28                                      - 7 -

1   http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=R

2   08702602&type=FOREIGN%20L.L.C, and that UMC is a non-profit corporation. *See*

3   http://starpas.azcc.gov/scripts/cgiip.exe/WService=wsbroker1/names-detail.p?name-id=0

4   5112646&type=CORPORATION. Similarly, University Physicians Healthcare is a non-

5   profit corporation. *See* http://starpas.azcc.gov/scripts/cgiip.exe/Wservice=wsbroker1/

6   names-detail.p?name-id=05101800&type=CORPORATION. Further, Bauerle has not

7   alleged that their activities are significantly affected with state involvement or that the state

8   is significantly involved with NH, CHN or UMC activity that is at issue herein. The Court

9   will dismiss with prejudice the §1983 claims against NH, CHN, and UMC as precluded by

10   the doctrine of *res judicata* and for failure to state a claim upon which relief can be granted.

11   Bauerle also alleges Defendants violated the Americans with Disabilities Act

12   ("ADA"). In its December 18, 2013, Order, the Court discussed what allegations would

13   constitute an ADA claim. However, the only specific allegation Bauerle includes in her SAC

14   is that CHN held her in the hospital for more than 60 days in violation of the least restrictive

15   environment under the ADA and the Fair Housing Act ("FHA"). The SAC does not specify

16   what portion of either the ADA or the FHA may provide a basis for this claim. While there

17   may be other bases for such a claim, *see* 53 Am. Jur. 2d Mentally Impaired Persons § 92

18   (May 2014) (discussing inquiry by court in commitment proceedings), the Court is not aware

19   of such a basis pursuant to either the ADA or the FHA. The Court finds Bauerle has failed

20   to state a claim upon which relief can be granted. The Court will dismiss these claims

21   without prejudice.

22   To the extent Bauerle alleges NH and UMC (as University Physicians Hospital)

23   violated her constitutional right to have her medical power of attorney take effect, dismissal

24   _____

25   notice of same OTS Order and P & A Agreement as in instant case); *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D.Mich.2003) ("Public records and government

26   documents are generally considered not to be subject to reasonable dispute.... This includes public records and government documents available from reliable sources on the Internet.")

27   (citation omitted).

28                                              - 8 -

of this claim is appropriate also because Bauerle's allegations fail to establish the named Defendants are state actors.   Moreover, Bauerle has not stated on what basis her constitutional right was violated.   Rather, it appears such a claim would be made as an informed consent claim or a medical battery claim.   *See* 61 Causes of Action 2d 561 (July 2014).  "A health care provider commits common law battery when a medical procedure is performed on a patient without that patient's consent."  *Bailey-Null v. ValueOptions*, 221 Ariz. 63, 70, 209 P.3d 1059, 1066 (App. 2009).  Even though the Court advised Bauerle of the possible statement of a claim pursuant to Arizona tort law in its December 18, 2013, Order, the allegations in the SAC do not appear to seek to state such a claim.  Even if the Court were to accept Bauerle's allegations as stating a claim for medical battery against NH and UMC, only a claim based on state law would then be pending against these Defendants. The Court does not have subject matter jurisdiction over such claims.[4]   The Court will dismiss the constitutional claim with prejudice.    However, the Court will dismiss any medical battery claim without prejudice.

VI.  *Motion to Dismiss Filed by UMC* (Doc. 99)[5]

UMC requests Bauerle's claim of obstruction of justice be dismissed as there is not authority recognizing a civil cause of action for obstruction of justice in Arizona.  Bauerle

---

[4]This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  U.S.C. § 28-1331.  Additionally, this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, this Court may decline to exercise supplemental jurisdiction over other claims, i.e., state law claims, where the other claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction[.]"  28 U.S.C. § 1367(c)(2).

[5]The Court accepts the joinder filed by CHN and accepts this motion as also filed on behalf of CHN.  Additionally, the Court will not re-discuss those issues addressed in discussing NH's Motion to Dismiss as joined by UMC.

- 9 -

1     has not responded to this argument.  Where a party does not respond to an argument, such

2     failure to respond may be deemed a consent to granting the request.  LRCiv 7.2(i).  The

3     Court will grant the Motion to Dismiss on this basis as to NH and CHN.

4

5     VII. *Motion to Dismiss Filed by SBHH* (Doc. 101)[6]

6           SBHH argues dismissal is appropriate because this Court dismissed the constitutional

7     claims with prejudice.  For the reasons stated when addressing NH's Motion to Dismiss, the

8     Court finds dismissal on such a basis is appropriate.   Moreover, SBHH's Corporate

9     Disclosure Statement, Doc. 22, indicates SBHH is a nongovernmental corporate party.

10    Bauerle has not sufficiently alleged that SBHH's activities are significantly affected with

11    state involvement or that the state is significantly involved with SBHH activity that is at issue

12    herein.  The Court will dismiss the §1983 claims against SBHH.

13           Bauerle also alleges SBHH violated the ADA.  Bauerle makes no specific allegation

14    regarding this claim as to SBHH.  The Court finds Bauerle has failed to state a claim upon

15    which relief can be granted.  The Court will dismiss this claim without prejudice.

16           As to Bauerle's claim that SBHH violated her constitutional right to have her medical

17    power of attorney take effect, this claim will be dismissed for the reasons stated when

18    addressing NH's Motion to Dismiss.

19

20    VIII. *Motion to Dismiss Case Filed by CHN* (Doc. 102)[7]

21           CHN seeks dismissal of the constitutional claims against it because the doctrine of *res*

22    *judicata* and the judgment entered in 4:07-cv-00196-FRZ bar the claims.  In that case,

23    Bauerle alleged claims regarding CHN employees that occurred in April 2005.  Additionally,

24

25         [6]The Court accepts the joinder filed by CHN and accepts this motion as also filed on
   behalf of CHN.

26

27         [7]The Court will not re-discuss those issues addressed in discussing NH's, UMC's, or
   SBHH's Motions to Dismiss as joined by CHN.

28    

1    Bauerle alleged CHN had unconstitutional polices, customs, and/or practices and alleged

2    CHN fraudulently declared Bauerle was a danger to herself or others on May 11, 2007,

3    physically and chemically restrained Bauerle without sufficient cause on May 11, 2007,

4    forcibly injected Bauerle with medication when no emergency existed on May 11, 2007, and

5    provided fraudulent, false, and/or misleading information in records and at a hearing in June

6    2007.  These claims do not appear to be repeated in this case.  However, to any extent these

7    claims are repeated, the Court will grant the request to dismiss claims duplicated from the

8    4:07-cv-00196-FRZ case.  *Tritz v. U.S. Postal Service*, 721 F.3d at 1143 ("Res judicata

9    applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3)

10   identity or privity between parties.").

11           In the instant case, Bauerle alleges the claims against CHN occurred in 2007-2008.[8]

12   Bauerle asserts the statute of limitations was tolled because of the appeal filed another case.

13   Bauerle alleges CHN violated her First Amendment rights in January and February 2008 by

14   limited her phone calls and her right to file written grievances.  In her Response to CHN's

15   Motion to Dismiss, Bauerle does not respond to CHN's argument that the prior lawsuit

16   (including its appeal) does not toll the statute of limitations.  Where a party does not respond

17   to an argument, such failure to respond may be deemed a consent to granting the request.

18   LRCiv 7.2(i).

19           Further, Bauerle's constitutional claims are subject to a two year statute of limitations.

20   *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999).  Similarly, Bauerle's ADA claim is

21   subject to a two year statute of limitations.  *See Payne v. Arizona*, No. CV 09–01195–

22   PHX–NVW, 2012 WL 1151957 *10 (D.Ariz. April 5, 2012) (applying two year statute of

23   limitations to ADA claims), *citing Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137

24   n. 2 (9th Cir. 2002).  Prior pending litigation, i.e., an appeal of other claims, does not toll the

25   statute of limitations.  *See Seven Arts Filmed Entertainment Ltd. v. Content Media Corp.*

26

27           [8]The SAC states 2997-2008.  The Court accepts the allegation as stating 2007-2008.

28                                              - 11 -

1   *PLC*, 733 F.3d 1251 (9th Cir. 2013); *Thompson v. Paul*, 657 F.Supp.2d 1113 (D.Ariz. 2009).

2   The Court finds dismissal of the constitutional and ADA claims against CHN is appropriate.

3

4   IX.   *Motion to Dismiss for Failure to State a Claim Filed by CPSA* (Doc. 117)

5          CPSA argues the doctrine of *res judicata* bars Bauerle's constitutional claims against

6   CPSA.  Although Bauerle has not sufficiently alleged in her SAC that CPSA's activities are

7   significantly affected with state involvement or that the state is significantly involved with

8   CPSA activity that is at issue herein, Bauerle includes such an argument in Response to

9   CPSA's Motion to Dismiss.[9]  However, the Court's December 18, 2013, Order clearly advised

10  Bauerle that sufficient allegations must be included in any SAC.  Although Bauerle has been

11  afforded an opportunity to amend her claims to sufficiently allege claims upon which relief

12  can be granted and Bauerle has failed to do so, it appears that a more carefully drafted

13  complaint may state a claim upon which relief can be granted.  Because of this, the Court

14  finds a *res judicata* effect in these circumstances is unfair.  *Marin*, 769 F.2d at 593.

15         Further, although CPSA also argues the law of the case precludes Bauerle's

16  constitutional claims, the Court disagrees with CPSA.  The law of the case doctrine, which

17  is a judicial invention designed to aid in the efficient operation of court affairs[,]" *Milgard*

18  *Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir 1990), provides that the

19  decisions on legal issues made in a case "should be followed unless there is substantially

20  different evidence . . . new controlling authority, or the prior decision was clearly erroneous

21  and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392

22  (9th Cir. 1981).  Although Bauerle did not file a motion for reconsideration, she did file an

23  Objection to the Court's December 13, 2013, Order.  Because (1) the parties have not fully

24  briefed whether a Regional Behavioral Health Authority is a state actor and (2) the Court is not

25

26          _____

27          [9]Bauerle asserts CPSA is a Regional Behavioral Health Authority.  *See* A.R.S. § 36-3401
    *et seq.*

28                                           - 12 -

1    aware of any controlling precedent that establishes whether CPSA is a state actor, the Court

2    cannot say that a manifest error of law occurred warranting reconsideration.  *See Harsco*

3    *Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986).

4    However, because it is not clear that the constitutional claims against CPSA could not be

5    saved by any amendment, *Moss*, 572 F.3d at 972, an injustice could result without affording

6    Bauerle an opportunity to state constitutional claims against CPSA in a Third Amended

7    Complaint.[10]

8         Bauerle also alleges CPSA violated the ADA.  Bauerle makes no specific allegation

9    regarding this claim as to CPSA.  The Court finds Bauerle has failed to state a claim upon

10   which relief can be granted.  The Court will dismiss this claim without prejudice.

11        CPSA also asserts Bauerle has failed to state a claim upon which relief can be granted

12   regarding any common law tort claim.  Any such claim will be dismissed for the reasons

13   stated when addressing NH's Motion to Dismiss.

14

15   X.  *Motion to Dismiss for Failure to State a Claim Filed by State Defendants* (Doc. 123)[11]

16        State Defendants argue Bauerle's suit against the State and ADHS must be dismissed

17   as sovereign immunity prohibits the claims.  U.S. Const. Amend. XI;  *Gilbreath v. Cutter*

18   *Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).   Although State Defendants

19   acknowledge sovereign immunity may not prohibit some ADA claims, State Defendants

20   argue a sufficient ADA claim has not been alleged.  Bauerle asserts that the Eleventh

21   Amendment does not prohibit all claims.  For example, Bauerle argues that the Eleventh

22

23

24   [10]Specifically, a more carefully drafted complaint may include factual allegations
     regarding CPSA's actions as a Regional Behavioral Health Authority that warrants finding CPSA

25   was a state actor.

26   [11]Bauerle asserts State Defendants' Motion to Dismiss is untimely.  However, State
     Defendants have not filed an Answer to the SAC and Bauerle did not seek default judgment

27   when a timely Answer was not filed.  *See* Fed.R.Civ.P. 12(a)(4) and (h)(2).

28                                              - 13 -

1    Amendment does not prohibit prospective relief and that civil rights legislation was enacted

2    to provide remedies for state violations of federal constitutional and statutory provisions.

3          A state or state agency may not be sued in federal court without its consent.

4    *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880

5    F.2d 1040, 1045 (9th Cir.1989).  Furthermore, section 1983 "creates a cause of action for

6    violations of the federal Constitution and laws."  *Sweaney v. Ada County, Idaho*, 119 F.3d

7    1385, 1391 (9th Cir.1997), *internal quotations omitted*.  "[A] state is not a 'person' for

8    purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of

9    Corrections are not 'persons' under section 1983."  *Gilbreath v. Cutter Biological, Inc.*, 931

10   F.2d 1320, 1327 (9th Cir.1991), *citation omitted*.  Moreover, while state officials, sued in

11   their office capacity, may be subject to prospective relief, Bauerle has not presented any

12   authority that the State or a state agency is subject to prospective relief.   *United Mexican*

13   *States v. Woods*, 126 F.3d 1220, 1222 (9th Cir.1997) ("[I]f the suit involves an injunction

14   seeking a prospective remedy for a continuing violation of federal law, a federal court may

15   enjoin state officials from continuing such activity."), *citing Ex Parte Young*, 209 U.S. 123

16   (1908).

17         Bauerle alleges the State has repeatedly discriminated against her because of her

18   mental disability even though she has not been found to be a danger to herself or others.

19   Bauerle alleges she has being repeatedly involuntarily hospitalized because of her disability.

20   Bauerle's allegations are conclusory and she does not provide any factual allegations in

21   support of those conclusory allegations.  These conclusory allegations fail to plausibily

22   suggest a claim entitling Bauerle to relief.  *Moss*, 572 F.3d at 969.

23         Similarly, Bauerle has failed to include any factual allegations in support of her

24   conclusory allegations that ADHS had a custom, policy, and/or practice of violating the

25   rights of Bauerle and others by involuntarily medicating Bauerle in emergency rooms and

26   in behavioral health hospitals when there is no emergency, there is no court order, and when

27   the patient is not a danger to self or others.  In support of these policy allegations, Bauerle

28                                              - 14 -

summarizes her contacts with medical providers; Bauerle does not specify any action taken by ADHS or any policy of ADHS.  In making these allegations, Bauerle does not assert that ADHS or the medical providers failed to follow state laws or regulations.[12]  It appears Bauerle contests the constitutionality of Arizona statutes, but does not make such a claim (presumably perceiving futility in light of prior court decisions).  However, Bauerle's conclusroy and vague allegations simply do not provide notice of what Bauerle's claims are and the grounds on which they rest, *Brazil v. United States Department of the Navy*, 66 F.3d 193, 199 (9th Cir.1995), and do not state a plausible claim, *Bell Atlantic*, 550 U.S. at 570.

State Defendants assert Bauerle's claims against the Superior Court and the AOAH are barred by absolute immunity.  In its December 18, 2013, Order, the Court dismissed the claims against the Superior Court and the AOAH as precluded by judicial immunity.  For those same reasons, the Court will again dismiss the claims against the Superior Court and the AOAH.

## XI.  *Federal Defendants, Ninth Circuit Court of Appeals, and District Court*

The Court's December 18, 2013, Order dismissed with prejudice these Defendants.  Although Bauerle has renamed these parties as Defendants, the Court will confirm the dismissal with prejudice of these parties.

## XII.  *Review of Claims Against CODAC*

Although not named in the original Complaint or in the First Amended Complaint,

---

[12]In 4:07-cv-00196-FRZ, Bauerle alleged policies did not afford her adequate procedural and substantive due process rights.  The court, after quoting the Ninth Circuit's decision to not consider Bauerle's contentions regarding the constitutionality of Arizona involuntary confirment statutes, stated, "A review of the district court's orders in CV 02-184 TUC-JMR, CV 03-474 TUC-JMR, and CV 05-334 TUC-JMR, demonstrates that Plaintiff has either raised, or had the opportunity to present, the issues and claims raised in this present action, and that a decision was rendered on the issues, which are sufficiently similar and material to all the actions." 4:07-cv-00196-FRZ, doc. 115, p. 5.

1    Bauerle names CODAC in her SAC.  Bauerle alleges CODAC obstructed justice and violated

2    her constitutional right to have her medical power of attorney take effect.  Bauerle also

3    alleges CODAC violated her First Amendment rights by limiting her phone calls and right

4    to file written grievances.  Bauerle also alleges CODAC violated her Fourth and Fourteenth

5    Amendent rights by revoking her outpatient court-ordered treatment plan and involuntarily

6    hospitalizing her.  Lastly, Bauerle alleges CODAC had a custom, policy, and/or practice of

7    committing misrepresentations in its records by stating the "guardian occurred" for every

8    court-ordered client, of denying clients their rights to records (specifically, Bauerle asserts

9    CODAC denied her access to her records for a period of time), and of not sending

10   correspondence to its clients' preferred mailing address.  The Court finds it appropriate to

11   address the claims against CODAC.  *See  Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991

12   (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6).  Such

13   a dismissal may be made without notice where the claimant cannot possibly win relief.");

14   *Ricotta v. California*, 4 F.Supp.2d 961, 968 n. 7 (S.D. Cal.1998) ("The Court can dismiss a

15   claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed.R.Civ.P.

16   12(b)(6)."); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) (a complaint that

17   is "obviously frivolous" does not confer federal subject matter jurisdiction and may be

18   dismissed  sua sponte before service of process).

19        As to Bauerle's constitutional claims against CODAC, for the reasons stated herein

20   as to similar claims against Defendants NH, UMC, SBHH, and CHN, the Court finds Bauerle

21   has not stated a claim upon which relief can be granted against CODAC.  Further, as the

22   Court is not aware of any authority providing for a civil cause of action of obstruction of

23   justice, the Court finds Baurle's allegations regarding obstruction of justice fail to state a

24   claim upon which relief can be granted.  Accordingly, the Court will dismiss the claims

25   against CODAC with leave to amend.

26

27

28                                          - 16 -

1  XIII.  *Third Amended Complaint Rather than Dismissal of Case*

2       After a pleading is amended as a matter of course, a court is to grant further leave to

3  amend "when justice so requires."  Fed.R.Civ.P. 15(a)(1) & (2).  Although the policy

4  allowing amendments "is to be applied with extreme liberality," *Eminence Capital, LLC v.*

5  *Aspeon*, 316 F.3d 1048, 1051 (9th Cir. 2003), *internal quotation marks omitted*, there are

6  several factors that weigh against granting successive amendments:  "undue delay, bad faith

7  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

8  amendments previously allowed, undue prejudice to the opposing party by virtue of

9  allowance of the amendment [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178,

10  182 (1962).

11       In this case, the Court clearly explained to Bauerle the requirements for stating claims

12  for relief.  Nonetheless, Bauerle has failed to state claims upon which relief can be granted.

13  However, the Court cannot say that further amendment may be futile.  For example, although

14  the Court is not aware of any factually comparable Ninth Circuit precedent that would

15  support a determination that CPSA or CODAC are state actors, sufficient allegations by

16  Bauerle may clarify such a determination.  The Court finds dismissal with leave to amend

17  against CPSA and CODAC is appropriate.

18       However, as to the other Defendants, the Court finds the further amendment would

19  be futile.  Therefore, the claims against USHHS, ADHS, UMC, NH, SBHH, CHN, the Ninth

20  Circuit, the USAG, the Federal District Court, the Superior Court, the AOAH, and the

21  undersigned judge will be dismissed with prejudice.  No further amended claims against

22  those Defendants will be permitted.  The Court will permit Bauerle to file a Third Amended

23  Complaint against CPSA and CODAC.  However, the Court will direct the Clerk of Court

24  to reject any Third Amended Complaint that purports to state a claim against  USHHS,

25  ADHS, UMC, NH, SBHH, CHN, the Ninth Circuit, the USAG, the Federal District Court,

26  the Superior Court, the AOAH, and/or the undersigned judge.

27

28                                          - 17 -

Accordingly, IT IS ORDERED:

1.      The claims against the undersigned judge are DISMISSED WITH PREJUDICE.

2.      Bauerle's Motions for Extension of Time (Docs. 114 and 119) are GRANTED.

3.      Northwest Hospital's Motion to Dismiss for Failure to State a Claim (Doc. 98) is GRANTED.  The claims against it and Northwest Hospital are DISMISSED WITH PREJUDICE from this action.

4.      University Medical Center's Motion to Dismiss (Doc. 99) is GRANTED.  The claims against it and University Medical Center are DISMISSED WITH PREJUDICE from this action.

5.      University Medical Center's Motion for Joinder (Doc. 100) is GRANTED.

6.      Sonora Behavioral Health Hospital's Motion to Dismiss Case (Doc. 101) is GRANTED.  The claims against it and Sonora Behavioral Health Hospital are DISMISSED WITH PREJUDICE from this action.

7.      Corondelet Health Network's Motion to Dismiss Case (Doc. 102) is GRANTED.  The claims against it and Corondelet Health Network are DISMISSED WITH PREJUDICE from this action.

8.      Community Partnership of Southern Arizona's Motion to Dismiss for Failure to State a Claim (Doc. 117) is GRANTED IN PART.  The constitutional claims against Community Partnership of Southern Arizona are DISMISSED WITH LEAVE TO AMEND. All other claims against Community Partnership of Southern Arizona are DISMISSED WITH PREJUDICE.

9.      State Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 123) is GRANTED.  The claims against it and State Defendants are DISMISSED WITH PREJUDICE from this action.

10.     The claims against CODAC Behavioral Services are DISMISSED WITH LEAVE TO AMEND.

11.     Bauerle shall file any Third Amended Complaint within 30 days of the date of this Order.  Any Third Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior complaints or subsequent pleadings by reference. All causes of action alleged in the original or amended complaints which are not alleged in any Third Amended Complaint will be waived.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).[13]  Any Third Amended Complaint submitted by Bauerle shall be clearly designated as a Third Amended Complaint on the face of the document.  Any Third Amended Complaint shall comply with the requirements of Fed.R.Civ.P. 8(a), 10(a), and 11(a).

12.     The Clerk of Court shall REJECT, shall not file, and shall return to Bauerle any Third Amended Complaint submitted by Bauerle that includes any claim against the U.S. Department of Health and Human Services, the Arizona Department of Health Services, University Medical Center, Northwest Hospital, Carondelet Health Network, the Ninth Circuit Court of Appeals, the Office of the U.S. Attorney General, the Federal District Court, the Superior Court, the Office of Administrative Hearings. and/or undersigned.

13.     The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Bauerle, if Bauerle fails to file a compliant Third Amended Complaint within thirty (30) days of the filing date of this Order.  *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

DATED this 22nd day of July, 2014.

Cindy K. Jorgenson
United States District Judge

---

[13]This waiver would not preclude the future review by an appellate of the Court's dismissal of claims as discussed herein.

- 19 -